UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA       .    Criminal No. 1:12cr127
                               .
    vs.                        .    Alexandria, Virginia
                               .    April 13, 2012
JOHN KIRIAKOU,                 .    9:00 a.m.
                               .
            Defendant.         .
                               .
. . . . . . . . . . .

TRANSCRIPT OF ARRAIGNMENT
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:        IRIS LAN, AUSA
                           LISA L. OWINGS, AUSA
                           MARK SCHNEIDER, AUSA
                           United States Attorney's Office
                           2100 Jamieson Avenue
                           Alexandria, VA 22314
                             and
                           RYAN P. FAYHEE
                           Trial Attorney
                           U.S. Department of Justice
                           National Security Division
                           Counterespionage Section
                           600 E Street, N.W.
                           Washington, D.C. 20004

FOR THE DEFENDANT:         ROBERT P. TROUT, ESQ.
                           PLATO CACHERIS, ESQ.
                           JOHN F. HUNDLEY, ESQ.
                           JESSE I. WINOGRAD, ESQ.
                           Trout Cacheris, PLLC
                           1350 Connecticut Avenue, N.W.
                           Suite 300
                           Washington, D.C. 20036

(Pages 1 - 12)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

1  OFFICIAL COURT REPORTER:    ANNELIESE J. THOMSON, RDR, CRR
                               U.S. District Court, Fifth Floor
2                              401 Courthouse Square
                               Alexandria, VA 22314
3                              (703)299-8595

```
                                                                    3
1                       P R O C E E D I N G S
2                         (Defendant present.)
3             THE CLERK:  Criminal Case 12-127, United States of
4    America v. John C. Kiriakou.  Will counsel please note their
5    appearances for the record.
6             MS. OWINGS:  Good morning, Your Honor.  Lisa Owings
7    for the United States.
8             THE COURT:  Good morning.
9             MS. OWINGS:  I also have with me several attorneys
10   appointed by the special prosecutor in this case:  Mark
11   Schneider, Iris Lan, and Ryan Fayhee.
12            THE COURT:  All right.  As long as counsel have
13   entered their appearances, we're all set, all right?  If you
14   haven't done that, do it with the Clerk's Office.
15            MS. OWINGS:  Thank you.
16            THE COURT:  And for the defense?
17            MR. TROUT:  Yes.  Good morning, Your Honor.  Robert
18   Trout from the firm of Trout Cacheris on behalf of
19   Mr. Kiriakou.  Also with me at the counsel table is John
20   Hundley.  Also present is Plato Cacheris, my partner, and Jesse
21   Winograd.
22            THE COURT:  Very good.  All right, this matter comes
23   on for arraignment.  Mr. Trout, do you want a formal or
24   informal arraignment?
25            MR. TROUT:  We waive reading if that's the --
```

1  THE COURT: That's what we're asking. All right,
2  wait, wait, wait. Stay there. How is your client pleading to
3  the charge?
4  MR. TROUT: Not guilty, Your Honor.
5  THE COURT: And I assume you've gone over the
6  indictment with your client?
7  MR. TROUT: We have.
8  THE COURT: All right. And are you requesting a
9  trial by a jury or by the Bench?
10 MR. TROUT: Jury trial.
11 THE COURT: All right. I assume that you-all are
12 going to be requesting a waiver of the Speedy Trial Act?
13 MR. TROUT: We are, Your Honor.
14 THE COURT: And has that -- has the paperwork been
15 prepared?
16 MR. SCHNEIDER: We have prepared it, an order, Your
17 Honor.
18 THE COURT: All right. Mr. Trout, did you carefully
19 go over that with your client?
20 MR. TROUT: We did go over this with, with
21 Mr. Kiriakou, yes.
22 THE COURT: All right. Mr. Kiriakou, do you
23 understand that you have an absolute right to require the
24 government to go forward and try this case within 70 days of
25 today's date?

```
 1                THE DEFENDANT:  Yes, Your Honor, I do.
 2                THE COURT:  And there can be advantages to a
 3   defendant in pushing the government to move quickly, because
 4   they don't always have their evidence together.  Do you
 5   understand that?
 6                THE DEFENDANT:  Yes, ma'am, I do.
 7                THE COURT:  And did you discuss the pros and cons of
 8   waiving that Speedy Trial Act right with your counsel?
 9                THE DEFENDANT:  Yes, Your Honor.
10                THE COURT:  And is it your decision today that you
11   want to waive the statute and allow the case to be tried later
12   than 70 days from today?
13                THE DEFENDANT:  Yes, it is.
14                THE COURT:  All right, I'll go ahead then and find
15   this is a knowing and voluntary waiver.
16                Have you-all talked about a possible trial date in
17   this case?
18                MR. TROUT:  We have, Your Honor.  We're not totally
19   in agreement on this issue.  The defense is requesting a trial
20   date nine months out.  I have not yet been cleared.
21                THE COURT:  You're about to be, though.  I've spoken
22   with Ms. Gunning, and apparently there are just two -- as I
23   understand it, three counsel, Mr. Cacheris, Mr. Hundley, and I
24   think one other attorney, already have been cleared.  You've
25   already had access to some of the classified discovery.
```

```
1            I did ask Ms. Gunning this morning how much
2   classified information at this point has been made available.
3   It's not an extensive amount.  Now, is there much more coming
4   down the pike?
5            MR. SCHNEIDER:  There's significantly more coming
6   down the pike, Your Honor.
7            THE COURT:  And when you say "significant," just give
8   the Court a ballpark idea as to how much.  Are we talking boxes
9   of documents?
10           MR. SCHNEIDER:  Probably.  Yes, we are.
11           THE COURT:  All right.  Nine months still seems like
12  a long time, because as I recall, we extended the time to
13  indict fairly extensively in this case, too.  So, I mean, this
14  case has been on the books for, what, almost three months?
15           MR. TROUT:  Well, it has, Your Honor; but I've been
16  somewhat hamstrung because I haven't been cleared; and so I
17  really haven't had an opportunity to review really anything
18  that's -- that I need to be reviewing.
19           THE COURT:  But there are three other very
20  experienced counsel who have already had access, so I don't
21  have a problem giving you some extension, but I think nine
22  months for this case given the nature of the charges is rather
23  extensive, so I would not be willing to give you that much
24  time.
25           Let's see, it's April now.  How long does the
```

1  government expect this case to take if it goes to trial?
2          MR. SCHNEIDER:  At trial, Your Honor?
3          THE COURT:  Yeah.
4          MR. SCHNEIDER:  Our estimate is exclusive of jury
5  selection, the government's case-in-chief should take between
6  five and eight days.  It's a fairly narrowly charged
7  indictment.
8          THE COURT:  You don't practice in this court very
9  much.  Jury selection will take two to three hours max; and I
10 would be surprised, again, just looking at the charges anyway,
11 that this would take five to eight days to put the government's
12 case on.
13         MR. SCHNEIDER:  That's a conservative estimate,
14 Judge.
15         THE COURT:  All right.  Well, you-all are a little
16 bit lucky in that I have some conflicts in the fall that's
17 going to push this case a bit.  How about the week of November
18 13?  The 12th is a federal holiday, so we would be starting on
19 a Tuesday, and that does seem to clear -- well, actually I
20 don't like trying cases too close to Thanksgiving, because then
21 we have problems with jurors, so wait a minute.
22         I guess the defense is getting almost what they want.
23 How about Monday, November 26?  That clears the holiday, and
24 that's just about the amount of time you --
25         MR. TROUT:  So this is right after Thanksgiving.

1  THE COURT: Right after Thanksgiving.

2  MR. TROUT: Oy.

3  THE COURT: Everybody should be well fed and rested,
4  all right? Okay. So is that available on all your calendars?

5  MR. SCHNEIDER: Yes, Your Honor.

6  MR. TROUT: Yes, Your Honor.

7  THE COURT: That's enough time. There will be no
8  extension, so we have to keep this case moving. All right, I'm
9  setting it at 10:00 with a jury.

10  Now, I'll direct that any preliminary pretrial
11  motions be filed within 60 days. I think given the amount of
12  time we have before the trial, by then there should be enough
13  understanding of the discovery that any preliminary motions
14  should be able to be filed at that point.

15  And in terms of scheduling argument, we'll do that
16  sometime in late July. Does that make sense to you-all?

17  MR. TROUT: That's fine.

18  MR. SCHNEIDER: That would be fine, Your Honor.

19  THE COURT: All right, how about July 20 for the
20  argument of any motions? And obviously, in a case like this,
21  there may have to be other motions hearings, but that would be
22  the first, the first one unless there is some emergency issue
23  particularly with discovery that comes up that we need to
24  address.

25  So I'm not foreclosing any additional motions being

1  filed before that time, but that would be the first formal date
2  that we have for argument of motions.  So Friday, July 20, at
3  9:00.
4           MR. SCHNEIDER:  All right.
5           THE COURT:  Any other issues we need to address?  The
6  defendant's on bond?
7           MR. SCHNEIDER:  That's correct.
8           THE COURT:  And I assume there's no problem with his
9  bond.
10          MR. SCHNEIDER:  None, Your Honor.
11          THE COURT:  All right.  Is there a discovery order
12 that's been prepared yet?
13          MR. SCHNEIDER:  We do have an agreed discovery order,
14 Your Honor.
15          THE COURT:  All right, if you'll hand that up?
16          All right, now this calls for *Giglio* being turned
17 over no later than five calendar days before trial.  Defense
18 counsel are satisfied with that?
19          MR. TROUT:  Your Honor, we're not satisfied.  My
20 understanding is, is that this is something of a routine order.
21 We've had discussions with the government.  We expect that they
22 will be forthcoming with discovery to be able to move this case
23 along.
24          I think it's clear that if the defense feels that we
25 need additional relief, this order is not without prejudice to

1 our ability to come back before the Court.

2 THE COURT: All right. Well, because we're going to
3 be right after the Thanksgiving holiday, I'm changing "calendar
4 days" to "workdays" in terms of the Jencks and *Giglio*, all
5 right?

6 MR. TROUT: Thank you.

7 THE COURT: Otherwise, you're bumping into the
8 weekend, and Thursday is a federal holiday, and that doesn't
9 give defense counsel a realistic amount of time to work with.

10 MR. TROUT: Thank you.

11 THE COURT: I strongly recommend to the government
12 that it not wait until the last minute to turn this over. It's
13 become a problem in several of your cases, and I don't want it
14 to be a problem in this case.

15 That's the only change I'll make in terms of
16 workdays. I think the other ones are generous enough, and if
17 there is a problem, then bring it to my attention sooner rather
18 than later. So I'll enter the order with that one change.

19 Is there anything further we need to address?

20 MR. SCHNEIDER: Your Honor, we have two protective
21 orders, and we can either motion those up separately if that
22 would be Your Honor's preference, or we have an agreement on
23 them, and we could tender those as well. There's a protective
24 order for classified discovery and a protective order for
25 unclassified discovery.

11

1  THE COURT: Those are fairly -- are they the standard
2 ones you use in most national security cases?
3  MR. SCHNEIDER: They are, Your Honor; and I believe
4 that the protective order for classified discovery incorporates
5 some language that Your Honor has drafted in other matters; and
6 they're very standard; and they in large measure track the
7 protective order that was entered before the magistrate judge
8 in this court.
9  THE COURT: All right, just hand them up. Again, as
10 long as they've been endorsed by everybody, we'll look at them
11 in chambers, all right?
12  All right, Mr. Kiriakou, come up to the lectern for
13 one second. I'm going to continue you on your current bond.
14 Orally, I'm adding the additional condition that you're
15 required to reappear in this court on Friday, July 20, for the
16 argument of the motions and again to reappear in this court on
17 November 26 for your trial and to also appear at any other
18 hearings that are scheduled unless we have a written waiver,
19 because you could choose not to be present.
20  But do you understand other than if you haven't
21 waived it, you must be here?
22  THE DEFENDANT: Yes, Your Honor. Thank you.
23  THE COURT: All right. Then you're all free to go at
24 this time. Thank you.
25  MR. TROUT: Thank you.

1     MR. SCHNEIDER:  Thank you.
2                (Which were all the proceedings
3                 had at this time.)
4
5           CERTIFICATE OF THE REPORTER
6   I certify that the foregoing is a correct transcript of
7   the record of proceedings in the above-entitled matter.
8
9
10                              _____/s/_____
                                    Anneliese J. Thomson
11