Case 1:12-cr-00127-LMB Document 45 Filed 06/21/12 Page 1 of 9 PageID# 188

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

Filed with Classified
Information Security Officer

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CISO *Mroters* |
| | ) | Date *6 | 12 | 12* |
| v. | ) | **Criminal No. 1:12-cr-00127-LMB** |
| | ) | |
| **JOHN KIRIAKOU,** | ) | **Filed in Camera and Under Seal** |
| | ) | **with the Classified Information** |
| Defendant. | ) | **Security Officer** |

## MOTION FOR A BILL OF PARTICULARS

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, defendant John Kiriakou respectfully moves for an order directing the government to file a Bill of Particulars:

1. To particularize Covert Officer A's covert status within the meaning of 50 U.S.C. § 426(4);

2. To particularize the "affirmative measures" taken by the United States to conceal Covert Officer A's intelligence relationship with the United States;

3. To particularize the injury to the United States or its national security, and/or the advantage to any foreign nation, that the defendant would have had reason to believe would arise from the disclosures at issue in Counts Two, Three, and Four.

The grounds for this motion are set forth in the accompanying memorandum of law.

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## IN SUPPORT OF DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

**A.     The Indictment**

The indictment contains five counts:

- Count One alleges that Mr. Kiriakou disclosed classified information to a reporter ("Journalist A") that identified a covert CIA operative ("Covert Officer A") in violation of 50 U.S.C. § 421(a).

- Count Two alleges that Mr. Kiriakou disclosed information relating to the national defense – namely, the association of Covert Officer A with the CIA, the CIA's Rendition, Detention, and Interrogation ("RDI") Program, and a particular RDI operation – to Journalist A in violation of 18 U.S.C. § 793(d).

- Count Three alleges that Mr. Kiriakou disclosed information relating to the national defense – namely, the association of a non-covert CIA operative ("Officer B") with the RDI Program and operations to capture Abu Zubaydah – to a second reporter ("Journalist B") in violation of 18 U.S.C. § 793(d).

- Count Four alleges that Mr. Kiriakou disclosed information relating to the national defense – namely, the association of Officer B with the RDI program – to Journalist A in violation of 18 U.S.C. § 793(d).

- Count Five alleges that Mr. Kiriakou engaged in a "trick and scheme" to defraud the United States, during a review of Mr. Kiriakou's draft book by the CIA's Publications Review Board ("PRB"), by willfully "conceal[ing]" and "cover[ing] up" the fact that a particular classified investigative technique was used during operations to capture Abu Zubaydah.

## B.    Legal Standard

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may direct the government to file a bill of particulars. The purpose of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973) (citing *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969)). Although a bill of particulars is not intended to provide "detailed disclosure of the government's evidence in advance of trial," a bill of particulars should be ordered where necessary to supply "any essential detail which may have been omitted from the indictment." *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (internal citations omitted). Since the purpose of a bill of particulars is to "amplif[y] the indictment by providing missing or additional information so that the defendant can effectively prepare for trial," *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (internal citations omitted), "[t]he test in ruling on such a motion is whether deprivation of the information sought will render the defendant subject to unfair surprise." *United States v. Sampson*, 448 F. Supp.2d 692, 696 (E.D.Va. 2006). Accordingly, while the decision whether to grant or deny a motion for a bill of particulars rests in the sound discretion of the trial court, "the defendant may show abuse of discretion in denying the motion by showing unfair surprise" at trial. *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985).

**C.    The Government Should Be Required to Particularize Covert Officer A's Covert Status and the "Affirmative Measures" that the United States Took To Conceal Covert Officer A's Intelligence Relationship with the United States.**

Title 50, Section 421(a) makes it a crime for certain persons having access to classified information that identifies a "covert agent" to disclose that information to a person not authorized to receive it. To convict Mr. Kiriakou of violating Section 421(a) the government must prove,

UNCLASSIFIED / CLEARED FOR PUBLIC RELEASE

*inter alia*: (1) that the agent in question was in fact "covert" as that term is defined in the statute[1]; and (2) that Mr. Kiriakou knew that "the United States [wa]s taking affirmative measures to conceal such covert agent's intelligence relationship to the United States," 50 U.S.C. §§ 421(a), 426(4).[2]

The government should be ordered to provide a bill of particulars on Count One because the indictment does not provide critical information with regard to the allegations that: (1) Covert Officer A was "covert" within the meaning of 50 U.S.C. § 426(4); or (2) the United States took "affirmative measures" to conceal Covert Officer A's intelligence relationship with the United States. This failure to provide information regarding essential elements of the crime charged in Count One is hindering Mr. Kiriakou's ability to prepare for trial. Presumably, the government will have to reveal the facts which establish Covert Officer A was in fact covert, and the affirmative measures used to conceal his identify, at trial. This creates a very real and serious danger of later surprise – precisely the evils against which a bill of particulars is designed to protect. *See Schembari*, 484 F.2d 931 at 934-35.

---

[1] Title 50, Section 426(4) defines three classes of "covert agents:" (A) "a present or retired officer or employee of an intelligence agency . . . (i) whose identity as such an officer, employee, or member is classified information, and (ii) who is serving outside the United States or has within the last five years served outside the United States;" (B) "a United States citizen whose intelligence relationship to the United States is classified information, and (i) who resides and acts outside the United States as an agent of, or informant or source of operational assistance to, an intelligence agency, or (ii) who is at the time of the disclosure acting as agent of, or informant to, the foreign counterintelligence or foreign counterterrorism components of the [FBI] ;" and (C) "an individual, other than a United States citizen, whose past or present intelligence relationship to the United States is classified information and who is a present or former agent of, or a present or former informant or source of operational assistance to, an intelligence agency."

[2] In his Motion to Dismiss Counts 1, 2, 3 and 4 of the Indictment for Vagueness and Overbreadth, also filed today, the defendant argues that the phrase "affirmative measures" is too vague to survive scrutiny under the Fifth Amendment's Due Process Clause.

Regarding Covert Officer A, the indictment states that he was "a covert CIA employee whose association with the CIA has been classified for more than two decades," and then asserts that he falls within the definition in Section 426(4). Indictment, ¶ 11. But the indictment is missing critical facts regarding his covert status; most noticeably, any information about whether he was stationed outside of the United States, and if so when and where. *See* 50 U.S.C. 426(4)(A)(ii). Nor is this critical information otherwise available to Mr. Kiriakou or the defense team. The indictment, of course, does not name Covert Officer A, and indeed takes pains to conceal any specific details of the nature of his association with the CIA, redacting information that would identify any field office where he was stationed or specific CIA operations in which he participated. Indictment, Count One, ¶¶ 2-7.

Similarly, while the indictment recites that "the United States Government was taking affirmative measures to conceal Covert Officer A's intelligence relationship to the United States," ¶ 11, it provides no information about any affirmative measures actually taken for that purpose. The government's omission of any details is prejudicial to the preparation of Mr. Kiriakou's defense. The government must prove beyond a reasonable doubt: (1) that the Government actually took legally sufficient "affirmative measures" to conceal the identity of Covert Officer A; and (2) that Mr. Kiriakou actually knew about these "affirmative measures" when he allegedly disclosed the agent's identity. But his preparation of those merits defenses remains necessarily on hold until the government provides some specification of the "affirmative measures" actually taken. A bill of particulars is therefore required.

**D.** **The Government Should Be Required to Particularize the Injury to the United States and/or the Advantage to Any Foreign Nation That Could Reasonably Be Expected to Arise from the Disclosures at Issue in Counts Two, Three and Four.**

Title 18, Section 793(d) makes it a crime for a person in possession of "information relating to the national defense" to disclose that information if the possessor "has reason to believe [the information] could be used to the injury of the United States or to the advantage of any foreign nation." As previously construed in *United States v. Rosen*, 445 F. Supp.2d 602 (2006), the statute requires the government to prove, *inter alia*: (1) "that the information is such that its disclosure could cause injury to the nation's security"; and (2) "with respect to intangible information[3] . . . that the defendant had a reason to believe that the disclosure of the information could harm the United States or aid or a foreign nation." 445 F. Supp.2d at 643 (citing *Gorin v. United States*, 312 U.S. 19, 28 (1941)).

Here, Counts Two, Three, and Four charge Mr. Kiriakou with the disclosure of "intangible" classified information – *i.e.*, the identity of Covert Officer A, the association of Covert Officer A with the CIA and its RDI Program, and the association of Officer B with the RDI Program – to two different reporters. There is no allegation that Mr. Kiriakou ever disclosed this, or any other, information to a foreign government or any agent for a foreign government, and no allegation that Mr. Kiriakou acted with the intent to harm the United States or to aid any

---

[3]     The statute provides different scienter requirements for the disclosure of "tangible" versus "intangible" information. Where the information at issue is "tangible" – *i.e.*, a "document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance or note" – it is sufficient for the government to prove that the defendant "willfully" disclosed the information. If the information is "intangible," however, the government must also prove that the defendant acted both willfully and having "reason to believe [the information] could be used to the injury of the United States or to the advantage of any foreign nation." *See Rosen*, 445 F. Supp.2d at 626. Here, the indictment does not allege that Mr. Kiriakou disclosed any "tangible" information. Accordingly, the heightened scienter standard for disclosure of "intangible" information applies.

foreign government when he allegedly disclosed this information to Journalists A and B. The indictment is lacking any facts with regard to how disclosure of the information at issue did, or could, harm "the nation's security," or how the disclosure of this information to a news reporter could reasonably be expected to injure the United States or aid a foreign government. These are essential elements of the offense that the government will need to prove at trial beyond a reasonable doubt. If Mr. Kiriakou is to prepare for trial and avoid unfair surprise, he must be informed of the factual basis for the government's contention that the disclosure of this information to news reporters could harm the United States or aid a foreign government. Since the indictment is devoid of any such factual basis to the prejudice of the defendant, a bill of particulars is required.

**E.      Conclusion**

For the foregoing reasons, Mr. Kiriakou respectfully moves for an order requiring the government to file a bill of particulars:

1.      To particularize Covert Officer A's covert status within the meaning of 50 U.S.C. § 426(4);

2.      To particularize the "affirmative measures" taken by the United States to conceal Covert Officer A's intelligence relationship with the United States;

3.      To particularize the injury to the United States or its national security, and/or the advantage to any foreign nation, that the defendant would have had reason to believe would arise from the disclosures at issue in Counts Two, Three, and Four.

Case 1:12-cr-00127-LMB Document #5 Filed 06/21/12 Page 8 of 9 PageID# 195

Respectfully submitted,

/s/ Plato Cacheris

_____

Plato Cacheris
(Va. Bar No. 04603)
pcacheris@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ John F. Hundley

_____

John Francis Hundley
(Va. Bar No. 36166)
jhundley@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Robert P. Trout

_____

Robert P. Trout
(Va. Bar No. 13642)
rtrout@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Jesse I. Winograd

_____

Jesse I. Winograd
(Va. Bar No. 79778)
jwinograd@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Mark J. MacDougall

_____

Mark J. MacDougall
(Admitted *Pro Hac Vice*)
mmacdougall@akingump.com
Attorney for John Kiriakou
AKIN GUMP STRAUSS
   HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 887-4510
Fax: (202) 887-4288

## Certificate of Service

I hereby certify that on this 12th day of June, 2012, I filed the foregoing by hand, with the Classified Information Security Officer, pursuant to the Protective Order for Classified Information entered in this case. Pursuant to the Protective Order, the Classified Information Security Officer will make arrangements to deliver the foregoing to the Court and to counsel for the United States:

> Lisa L. Owings
> Lisa.owings@usdoj.gov
> Assistant United States Attorney
> Office of the United States Attorney
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
>
> Ryan P. Fayhee
> ryan.fayhee@usdoj.gov
> U.S. Department of Justice
> Trial Attorney, Counterespionage Section
> 600 E Street, N.W.
> Washington, D.C. 20004
>
> Iris Lan
> Iris.lan@usdoj.gov
> Assistant United States Attorney
> Office of the United States Attorney
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314
>
> Mark E. Schneider
> Mark.schneider@usdoj.gov
> Assistant United States Attorney
> Office of the United States Attorney
> 2100 Jamieson Avenue
> Alexandria, Virginia 22314

/s/ Jesse I. Winograd
_____
Jesse I. Winograd, (Va. Bar No. 79778)
jwinograd@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319